IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CURTIS B. LEISS**, | Case No. 3:20-cv-00066-IM |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **JESSICA M. DEMAROIS,** and **MICAH CHRISTENSEN**, | |
| Defendants. | |

**IMMERGUT, District Judge.**

Plaintiff Curtis B. Leiss, proceeding *pro se*, brings this action alleging claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., against Defendants Jessica DeMarois, Special Assistant Attorney General for the State of Montana, and Micah Christensen, BIT Unit Manager.[1] ECF 1. Plaintiff also filed an application to proceed *in forma pauperis*. ECF 2. This Court grants Plaintiff's motion to proceed *in forma pauperis* but

---

[1] In the complaint, Plaintiff brings his claims under "15 U.S.C. § 1962(f), (e), et seq. (FDCPA)." ECF 1 at 3. The sections cited by Plaintiff are not related to the FDCPA and have been repealed. This Court assumes that Plaintiff merely erred when drafting the complaint and analyzes Plaintiff's claims under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq.

PAGE 1 – OPINION AND ORDER

concludes that Plaintiff has failed to state a claim upon which relief can be granted. Therefore, this case is dismissed.

The court must dismiss an action initiated by a party proceeding *in forma pauperis* if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc) (observing that this section applies to all *in forma pauperis* complaints).

A complaint fails to state a claim when there is no cognizable legal theory, or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035,1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The plaintiff "may not simply recite the elements of a cause of action, but must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The underlying factual allegations must "*plausibly* suggest an entitlement to relief." *Id.* (emphasis added).

Even construed liberally, Plaintiff's complaint fails to plead a viable claim under the FDCPA. The FDCPA aims to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). It provides that "any debt collector who fails to comply" with the statute's provisions shall be subject to civil liability. *Id.* § 1692k(a). However, Plaintiff has not included any factual allegations explaining the basis for his FDCPA claim against either Defendant. *See*

ECF 1; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face"). In the complaint, Plaintiff writes in a conclusory fashion that:

> It is Congress not this Court that balances those interests the court simply value [sic] judgments.

ECF 1 at 4. The documents attached to the complaint do not clarify Plaintiff's claims. Plaintiff attached several documents relating to his tax liabilities in Montana including a Notice of Assessment of Tax Liability, ECF 1-2 at 6–7, a Cease and Desist letter from the Montana Department of Revenue, *Id.* at 3–4, and an excerpt of a decision from the State Tax Appeal Board of the State of Montana, *Id.* at 1. Indeed, all of the exhibits concern income tax issues from Montana. From the documents, it appears that the Montana Department of Revenue disputes whether Plaintiff paid $4 million dollars of income tax to Montana and is now owed a refund based on those payments. *Id.* at 3, 6. The purported cease and desist letter from Defendant DeMarois requests that Plaintiff Leiss cease fraudulent filings with the Montana Department of Revenue because the department received "hundreds of pages of documents," some of which appeared to be forged. *Id.* at 3. The correspondence further states there is "no record of any Montana income tax ever paid by [Leiss]." *Id.* The documents make no reference to debt collection and it is unclear how this tax dispute relates to the FDCPA. In sum, the factual allegations and documents attached to the complaint fail to plausibly state a FDCPA claim. *See* Fed. R. Civ. P. 12(b)(6).

Furthermore, Plaintiff's claims appear to arise solely from the conduct of employees of the Montana Department of Revenue. The FDCPA excludes from the definition of "debt collector" any "officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. §

PAGE 3 – OPINION AND ORDER

1692a(6)(C). Thus, any FDCPA claims arising solely from the collection of taxes by agents of the Montana Department of Revenue are barred under the statute. Even assuming that Plaintiff's claims arise from conduct outside the exclusion in 15 U.S.C. § 1692a(6)(C), the Tax Injunction Act (the "Act"), 28 U.S.C. § 1341, precludes jurisdiction over Plaintiff's claims. The Tax Injunction Act instructs that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Act is "meant to be a broad jurisdictional impediment to federal court interference with the administration of state tax systems." *Dillon v. Montana*, 634 F.2d 463, 466 (9th Cir.1980). The exhibits to the complaint indicate that Plaintiff seeks to challenge the assessment of his taxes in Montana. *See* ECF 1-2 at 1–7. Plaintiff has not alleged that the procedures for challenging Montana's tax assessment are inadequately plain, speedy, or efficient. 28 U.S.C. § 1341; *see* ECF 1. Accordingly, it is unclear how this Court may exercise jurisdiction over Plaintiff's claims.

This Court finds that Plaintiff has failed to state a claim upon which relief may be granted and any amendment would be futile. Therefore, Plaintiff's complaint is dismissed. Plaintiff's *in forma pauperis* status is revoked because an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

DATED this 7th day of April, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 4 – OPINION AND ORDER